992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dan Corbin AGEE and Constance Agee, husband and wife,
Plaintiffs-Appellants,
v.
UNITED STATES of America, ex rel., DRUG ENFORCEMENT
ADMINISTRATION, Defendant-Appellee.
 No. 92-6199.
 United States Court of Appeals, Tenth Circuit.
 April 21, 1993.
 
 Before McKAY, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs appeal the district court's dismissal of their case for lack of subject matter jurisdiction. Plaintiffs' vehicle was seized for forfeiture by the Drug Enforcement Agency pursuant to 21 U.S.C. § 881.[1] Notice of the seizure was received by plaintiffs. Appellants' Br. at 1. The notice informed plaintiffs that they could "petition the DEA to return the property or your interest in it ... (remission or mitigation), and/or ... contest the seizure and forfeiture of the property in COURT." App. at 42. Plaintiffs elected to pursue the administrative remedy by filing a petition for remission or mitigation on July 18, 1989. That petition was denied on October 13, 1989; plaintiffs received the denial letter on October 31, 1989. Plaintiffs requested a reconsideration of the denial of remission or mitigation on November 9, 1989, and that request was denied on November 25, 1991.
 
 
 3
 Generally, federal courts have no jurisdiction "to review the merits of a forfeiture decision that the [determining official] has reached in the exercise of his discretion." In re Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00), 901 F.2d 1540, 1543 (11th Cir.1990). There are narrow circumstances in which jurisdiction may exist, id. at 1544-45, but those circumstances are not present here; the agency clearly considered plaintiffs' request to exercise its discretion and the district court was well within its discretion to decline to exercise equitable jurisdiction.
 
 
 4
 On appeal, plaintiffs argue four bases of jurisdiction. First, they claim that their rights under the Due Process Clause have been violated. Because plaintiffs' due process claims do not go to the merits of the forfeiture decision, we have jurisdiction pursuant to 28 U.S.C. § 1331 to review the federal due process question presented. We need not decide whether the remission statute creates a property right entitled to due process protection because even if plaintiffs have such a right, the record discloses no prejudice to plaintiff resulting from the circumstances of which they complain. See United States v. Von Neumann, 474 U.S. 242, 250-51 (1986); In re $67,470.00, 901 F.2d at 1546. It is undisputed that plaintiffs received notice of the seizure for forfeiture, so they cannot claim prejudice from lack of notice.
 
 
 5
 Plaintiffs also complain that the district court should have exercised its equitable jurisdiction. "It is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law." Id. at 1545. Plaintiffs did not judicially contest the forfeiture of the vehicle by filing a claim of ownership and bond. They elected instead to pursue only their administrative remedy by filing a petition for remission or mitigation. Under these circumstances, the district court was within its discretion to decline to exercise its equitable jurisdiction. Cf. Floyd v. United States, 860 F.2d 999, 1003-04 (10th Cir.1988).
 
 
 6
 Plaintiffs argue two remaining sources of jurisdiction: 5 U.S.C. § 706 and 28 U.S.C. § 1346. Neither of these statutes confer jurisdiction in this case because the remission or mitigation decision is discretionary, see 5 U.S.C. § 701; Floyd, 860 F.2d at 1004, and the amount in controversy exceeds $10,000.00, which is the jurisdictional limit under 28 U.S.C. § 1346.
 
 
 7
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 21 U.S.C. § 881 provides that any vehicle used to transport or to facilitate transport of a controlled substance acquired in violation of the subchapter shall be subject to forfeiture to the United States and no property right shall exist in the vehicle